# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

KEVIN WAYNE FAULKNER,    :
                          :
          **Petitioner,**     :
                          :    **CIVIL NO. 5:16-CV-0135-MTT-MSH**
          **VS.**          :
                          :
**Warden ROBERT ADAMS,**    :
                          :
          **Respondent.**    :
_____

## REPORT AND RECOMMENDATION

Petitioner filed a petition for a writ of habeas corpus (ECF No. 1) pursuant to 28 U.S.C. § 2254. For reasons discussed below, it is recommended that relief be denied.

## PROCEDURAL HISTORY

On August 12, 2008, Petitioner was indicted for malice murder, aggravated assault, two counts of felony murder, armed robbery, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon by a grand jury in Houston County, Georgia. Resp't's Ex. 6(a) at 61-63, ECF No. 8-6.[1] On April 11, 2009, Petitioner pled guilty to possession of a firearm by a convicted felon. *Id.* at 65. After a jury trial before the Superior Court of Houston County, on April 18, 2011, Petitioner was found not guilty of malice murder, aggravated assault, and one count of felony murder. *Id.* at 150-51. Petitioner was found guilty of armed robbery, the second

---

[1]      Because all documents have been electronically filed, the Court cites to the record by using the document number and electronic screen page number shown at the top of each page by the Court's CM/ECF software.

count of felony murder, and possession of a firearm during the commission of a crime. *Id*. Petitioner was sentenced to life for felony murder, five years consecutive to the life sentence for possession of a firearm during the commission of a crime, and five years concurrent with the life sentence for possession of a firearm by a convicted felon.[2] *Id.* at 152-55. Petitioner appealed, and on May 19, 2014, the Supreme Court of Georgia upheld Petitioner's conviction and sentence. *Faulkner v. State*, 295 Ga. 321 (2014).

On April 8, 2015, Petitioner filed his state habeas corpus petition in the Superior Court of Jenkins County. Resp't's Ex. 1, ECF No. 8-1. The state habeas court held an evidentiary hearing on June 16, 2015 and denied relief on October 15, 2015. Resp't's Ex. 2 at 1-6, ECF No. 8-2. Petitioner filed an application for certificate of probable cause to appeal ("CPC application"), and the Supreme Court of Georgia summarily denied the application on April 4, 2016. Resp't's Ex. 4, ECF No. 8-4. Petitioner then filed a federal habeas corpus petition (ECF No. 1) in this Court on April 13, 2016. Respondent responded to the petition (ECF No. 5) and filed exhibits in support (ECF Nos. 8, 9). Petitioner replied to the response (ECF No. 10) on July 11, 2016. The petition is now ripe for review.

## STANDARD OF REVIEW

The Anti-terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254, governs a district court's jurisdiction over federal habeas corpus petitions brought by state prisoners. 28 U.S.C. § 2254(d). In *Williams v. Taylor*, 529 U.S. 362, (2000), the Supreme Court of the United States set forth the AEDPA-established federal habeas

---

[2] The aggravated assault was merged with felony murder.

review standard for claims adjudicated on the merits in state courts. The *Williams* court held that § 2254(d)(1) limits the issuance of the writ to two specific situations, namely where "the state-court decision was either (1) *contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States, or (2) *involved an unreasonable application of* . . . clearly established Federal law as determined by the Supreme Court of the United States." 529 U.S. at 404-05 (quotation marks omitted) (emphasis in original). The Court added that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409. Furthermore, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411.

Moreover, federal courts cannot consider claims brought by a state prisoner if "the applicant failed to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Such claims are either unexhausted or procedurally defaulted. *See, e.g., Mancill v. Hall*, 545 F.3d 935, 939-40 (11th Cir. 2008). Unexhausted claims should generally be dismissed without prejudice to allow a petitioner to exhaust. *Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010). However, if the unexhausted state remedy is no longer available to a petitioner, it can be deemed procedurally defaulted and the federal court can dismiss with prejudice. *Macill*, 545 F.3d at 939.

"A federal court may still address the merits of a procedurally defaulted claim if

the petitioner can show cause for the default and actual prejudice resulting from the alleged constitutional violation." *Ward*, 592 F.3d at 1157. A federal court may also excuse a procedural default if a petitioner "can demonstrate a sufficient probability that [the court's] failure to review his federal claim will result in a fundamental miscarriage of justice." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

## DISCUSSION

Petitioner asserts four grounds for relief. *See generally* Pet. for Writ of Habeas Corpus, ECF No. 1. Petitioner includes six individual claims under ground four. Pet. 9-17. For the reasons explained below, it is recommended that all of these grounds be denied.

## I.     Petition for Writ of Habeas Corpus

### A.     Sufficiency of the Evidence, Ground One

In ground one of his petition, Petitioner claims that his conviction violated the Fourteenth Amendment because "the evidence was insufficient for conviction." Pet. 5; Mem. in Supp. of Pet. 6-8, ECF No. 1-1. This ground for relief was addressed on direct appeal and denied.[3] *Faulkner*, 295 Ga. at 322-23. Respondent argues that the state court properly applied federal law and that the decision warrants deference. Br. in Supp. of Answer-Resp. 6-7, ECF No. 5-1. Consequently, the Court must determine whether the state court's denial of this ground was contrary to or an unreasonable application of

---

[3]     It does not appear from the record that Petitioner included this ground in his state habeas petition. *See* Resp't's Ex. 1. Georgia law requires a petitioner to raise all grounds for relief in his original or amended state habeas petition, and deems any grounds not raised at that time waived. O.C.G.A. § 9-14-51. Thus, even if the Court did not defer to the state court's ruling, it appears that this ground for relief has been procedurally defaulted.

4

federal law. 28 U.S.C. § 2254(d)(1); *Williams*, 529 U.S. at 404-05. Alternatively, Petitioner can be granted relief if the state court's decision "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2). Petitioner must rebut the AEDPA-mandated presumption of deference to the state court adjudication by clear and convincing evidence. *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007).

The Supreme Court of Georgia held that "the evidence adduced at trial was legally sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Faulkner was guilty of the crimes of which he was convicted." *Faulkner*, 295 Ga. at 323 (citation omitted). In making this determination, the court applied the standard from *Jackson v. Virginia*, 443 U.S. 307 (1979), which explains that a reviewing court "view[s] the evidence in the light most favorable to the prosecution[,]" and determines whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 319 (emphasis in original). Under this standard, the Supreme Court of Georgia thoroughly reviewed the evidence and found it sufficient to support Petitioner's conviction. *Faulkner*, 295 Ga. at 322-23.

Petitioner contends that he "presented a reasonable hypothesis of his innocence"— that another individual shot the victim. Mem. in Supp. of Pet. 6. In support, Petitioner cites his own testimony at trial, as well as that of three witnesses of the alleged shooter's purported admission of guilt. *Id.* at 6-7. The Supreme Court of Georgia reasoned that "it is for the jury as the finder of fact 'to resolve conflicts in the evidence and questions of witness credibility.'" *Faulkner*, 295 Ga. at 322 (citation omitted). The court found no reason to reweigh the evidence and believe testimony adduced from Petitioner and his

witnesses when it was discounted by the jury. *Id.*; *see Jackson*, 443 U.S. at 319 ("This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weight the evidence, and to draw reasonable inferences from basic facts to ultimate facts.").

The Supreme Court of Georgia's decision is consistent with federal law which explains that credibility determinations are properly within the purview of the jury. *See, e.g., Wilcox v. Ford,* 813 F.2d 1140, 1146 (11th Cir. 1987) (explaining that the credibility of a witness's testimony "with all of its contradictions and confusion, was properly a question for the jury[]"). Furthermore, "[i]n determining the sufficiency of the evidence for a state criminal conviction, a federal court on habeas review must view the evidence in the light most favorable to the state and grant the petition only if no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Machin v. Wainwright*, 758 F.2d 1431, 1435 (11th Cir. 1985). The state court applied this standard in reviewing the sufficiency of the evidence in Petitioner's case. Petitioner has not presented any new evidence to establish a claim of actual innocence or to show that there was an unreasonable determination of the facts. Petitioner has thus not shown that the state court's findings were contrary to or an unreasonable application federal law. This Court should defer to the state court's ruling and Petitioner's first ground for relief should be denied.

B.      Trial Court's Abuse of Discretion, Ground Two

In ground two, Petitioner claims that the trial court abused its discretion by excluding evidence at trial in violation of the Fourteenth Amendment. Pet. 6-7; Mem. in

Supp. of Pet. 8-9. Specifically, Petitioner alleges that the trial court improperly excluded testimony from an officer that another individual committed the murder for which Petitioner was convicted. Mem. in Supp. of Pet. 8-9. Respondent responds by arguing that Petitioner fails to state a claim because Petitioner did not raise a federal question regarding this issue in the state court. Br. in Supp. of Answer-Resp. 8-9. Because Petitioner indeed only raised questions of state law on direct appeal and his attempt to now assert a new federal law claim would be procedurally defaulted, the Court recommends that this ground for relief be denied.

### i. Federal Law Claims

In his federal habeas petition, Petitioner attempts to raise a federal question by claiming that the trial court's exclusion of evidence was both "a [F]ourteenth [A]mendment violation" and "contrary to and/or an unreasonable application of the Supreme Court's precedent." Pet. 6-7; Mem. in Supp. of Pet. 8-9. However, Petitioner does not explain how the trial court's exclusion violated the Fourteenth Amendment and does not cite applicable United States Supreme Court precedent. As Respondent argues, Petitioner only raised errors of state law on direct appeal regarding the exclusion of the testimony in question, and the Supreme Court of Georgia upheld the trial court's decision only on state law grounds. Br. in Supp. of Answer-Resp. 8; *see* Resp't's Ex. 6(e) at 267-68, ECF No. 9-7; *Faulkner*, 295 Ga. at 324-25.

Typically, if an issue has not been presented to the state habeas court, it is deemed unexhausted under 28 U.S.C. § 2254(b) and (c) and the federal court should not consider it. *See, e.g., Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999) ("A state habeas

corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default."). However, "when it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [the federal court] can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998); *see also Chambers v. Thompson,* 150 F.3d 1324, 1327 (11th Cir. 1998) (finding that since Georgia's rule on successive petitions would bar state review of habeas issue, it should be held to be procedurally defaulted and exhausted in federal habeas proceeding).

Georgia law requires a petitioner to raise all grounds for relief in his original or amended state habeas petition, and deems any grounds not raised at that time waived. O.C.G.A. § 9-14-51. This waiver can only be overcome if the "Constitution of the United States or of this state otherwise requires or . . . [if the] grounds for relief asserted therein . . . could not reasonably have been raised in the original or amended petition." *Id.* On direct appeal, Petitioner only raised state law claims regarding the exclusion of evidence. Resp't's Ex. 6(e) at 267-68. Because Petitioner failed to raise his federal claims regarding the trial court's exclusion of the officer's testimony on direct appeal, an attempt to raise this issue in a new state habeas action would result in a finding that Petitioner's claims are successive. Petitioner's federal claims are thus procedurally defaulted and it is recommended that they be denied. *See Chambers*, 150 F.3d at 1327.

*ii.    State Law Claims*

To the extent that Petitioner attempts to raise state law claims regarding the exclusion of evidence, Court cannot grant Petitioner habeas relief regarding this alleged error. "[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran,* 532 U.S. 1, 16 (2010). "The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Furthermore, it is well-settled that "federal habeas corpus relief does not lie for errors of state law." *Id.*; *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Thus, even assuming Petitioner is correct that Georgia state law was violated by the trial court's exclusion of certain testimony, this Court lacks authority under § 2254 to provide him with any relief. It is recommended that Petitioner's second ground for relief, to the extent that it invokes state law, be denied.

C.    Ineffective Assistance of Trial Counsel, Ground Three

In ground three, Petitioner claims that his trial counsel was ineffective because counsel failed to object to the prosecution's statement during its closing argument that Petitioner was guilty, whether or not he shot and killed the victim, based upon his actions after the victim's death. Pet. 8; Mem. in Supp. of Pet. 9-11. Respondent argues that the state court properly applied federal law and that the decision warrants deference. Br. in Supp. of Answer-Resp. 9-11.

In *Strickland v. Washington*, the United States Supreme Court held that a successful claim of ineffective assistance of counsel requires a showing that (1) the attorney's conduct fell below an objective standard of reasonableness, and (2) the attorney's deficient conduct actually prejudiced the defendant's case. 466 U.S. at 688-92. In determining whether counsel's conduct was reasonable, "the Court must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 689). To show actual prejudice resulting from counsel's conduct, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

"When the claim at issue is one for ineffective assistance of counsel, . . . AEDPA review is doubly deferential, with federal courts affording both the state court and the defense attorney the benefit of the doubt." *Woods v. Etherton*, -- U.S. --, 136 S. Ct. 1149, 1151 (2016) (internal quotations omitted). Thus, Petitioner "must also show that in rejecting his ineffective assistance of counsel claim the state court 'applied *Strickland* to the facts of his case in an objectively unreasonable manner.'" *Rutherford v. Crosby*, 385 F.3d 1300, 1309 (11th Cir. 2004) (quoting *Bell v. Cone*, 535 U.S. 685, 699 (2002)).

Petitioner argues that trial counsel was ineffective because counsel failed to object to the prosecution's closing argument which improperly suggested that Petitioner could be guilty of felony murder based solely upon actions taken after the victim's death. Mem. in Supp. of Pet. 10. Petitioner asserts that "proximate cause" to establish guilt for

felony murder "logically requires that the defendant's actions . . . precede the death" and that he thus could not be found guilty "based on actions he took after the victim had died." *Id.* at 10-11. Petitioner raised this ground on direct appeal.[4] Resp't's Ex. 6(e) at 272-75. The Supreme Court of Georgia found that Petitioner failed to demonstrate trial counsel's ineffectiveness. *Faulkner*, 295 Ga. at 326-27. The court concluded that "a reasonable lawyer might well have decided that, rather than make an objection of questionable merit, she would rely on her own closing argument." *Id.* at 327. Additionally, the court reasoned that even if trial counsel had objected to the prosecution's statement, the objection would be "meritless" because "felony murder may be based on an armed robbery where the perpetrator kills the victim first and then takes his property, and if [Petitioner] was not the perpetrator, his participation in that crime could have been inferred from his presence, companionship, and conduct before, during, *and after* the offense was committed." *Id.* at 326.

In this case, fair minded jurists could agree with the state court's denial of relief. The state court could have reasonably concluded that trial counsel's objection to the statements during closing argument would have been meritless under the circumstances based upon its interpretation of Georgia's felony murder law. Furthermore, the Eleventh Circuit has found that "'[a]n objectively reasonable trial lawyer could' believe that 'cases must be won at trial, not on appeal, and prefer [ ] not to make objections during closing argument unless the objection is a strong one.'" *Holland v. Florida*, 775 F.3d 1294, 1317

---

[4]     Because it does not appear that Petitioner raised this ground before the state habeas court, this claim is also procedurally defaulted. *See* Resp't's Ex. 1; *supra* note 2, at 4.

(11th Cir. 2014) (per curiam) (quoting *Zakrzewski v. McDonough*, 455 F.3d 254, 1259-60 (11th Cir. 2006) (per curiam)) (holding that the state court's determination that trial counsel was not ineffective when counsel failed to object to statements during the prosecution's closing argument was proper). The state habeas court thus did not make any unreasonable factual determinations or unreasonably apply clearly established federal law under *Strickland*. Consequently, it is recommended that this ground for relief be denied.

### D.     Ineffective Assistance of Appellate Counsel, Ground Four

In ground four, Petitioner claims that his appellate counsel was ineffective for six different reasons, constituting "a [S]ixth Amendment violation, by and through the [F]ourteenth Amendment." Pet. 9-17; Mem. in Supp. of Pet. 12-47. Respondent argues that the state court properly applied federal law and that the decision warrants deference on each of the six reasons presented by Petitioner. Br. in Supp. of Answer-Resp. 11-17.

The Supreme Court of the United States has held that a right to effective assistance of *appellate* counsel, which is analogous to the right of effective assistance of *trial* counsel, attaches as of right and is limited to a defendant's first appeal. *Evitts v. Lucey*, 469 U.S. 387, 394-97 (1985). Furthermore, in *Burger v. Kemp*, 483 U.S. 776 (1987), the Supreme Court applied the *Strickland* standard to determine whether appellate counsel was ineffective. 483 U.S. at 794 (finding that the appellate attorney's decision "was supported by reasonable professional judgment," and thus met the standard set forth in *Strickland v. Washington*.). Thus, the *Strickland* standard applies to claims of ineffective assistance of appellate counsel as well. The question, therefore, is whether Petitioner has

shown "'there was no reasonable basis for the state court to deny relief.'" *Harrington v. Richter*, 562 U.S. 86, 98 (2011).  He has not made this showing.

### i.     Contact Between Jurors and Protesters

Petitioner first alleges that his appellate counsel failed to properly present claims of abuse of discretion by the trial judge and ineffective assistance of trial counsel regarding possible influence of the jury by protesters.  Pet. 11-14; Mem. in Supp. of Pet. 12-17.  Specifically, Petitioner claims that the trial court failed to insulate the jury from the influence of protesters urging Petitioner's conviction, that the jury was influenced by the protesters, that trial counsel failed to request a new trial, and that appellate counsel failed to raise these grounds on appeal.  *Id.*  Respondent responds by arguing that this issue was sufficiently addressed by the state habeas court and that the court's denial of relief warrants deference.  Br. in Supp. of Answer-Resp. 12.

The state habeas court found that "there has been no showing that appellate counsel was deficient for failing to raise this issue on appeal as the issue ha[d] been firmly vetted at the motion for new trial phase."  Resp't's Ex. 2 at 4.  In reaching this finding, the state habeas court considered appellate counsel's testimony that the claim was meritless based on lack of factual support.  *Id.*  The Court also noted that that the issue had been sufficiently addressed at Petitioner's motion for new trial hearing and that the trial judge took appropriate measures to insulate the jury.  *Id.*

Fair minded jurists could agree with the state court's denial of relief.  Petitioner's appellate counsel testified at Petitioner's state habeas evidentiary hearing that after reviewing Petitioner's trial transcripts, speaking with both Petitioner and trial counsel,

and conducting independent investigations, he "didn't think [the improper influence of jury issues] were winning issues" on direct appeal. Resp't's Ex. 6(a) at 11:03-13:02, 14:10-15:19. Appellate counsel determined that, contrary to Petitioner's assertions, "there's really no evidence in the record that the jurors were threatened or that any juror said, I've been coerced or threatened." *Id.* at 15:06-19. Appellate counsel explained that he chose to pursue these claims in Petitioner's motion for new trial hearing rather than on direct appeal because he was concerned that Petitioner "would lose credibility with the higher court." *Id.* at 12:19-13:02. Appellate counsel averred that he only pursued claims on direct appeal that he considered meritorious. *Id.* at 13:10-14.

From this testimony, the state habeas court reasonably concluded that appellate counsel was justified in excluding claims of abuse of judicial discretion or ineffective assistance of trial counsel regarding alleged influence of jurors. The state habeas court thus did not make any unreasonable factual determinations or unreasonably apply clearly established federal law under *Strickland*. Consequently, it is recommended that this claim be denied.

### ii. Trial Counsel's Failure to Investigate

Petitioner alleges that appellate counsel was ineffective by failing to present a claim of trial counsel ineffectiveness based upon trial counsel's failure to conduct gunshot residue ("GSR") tests and fingerprint tests to prove Petitioner's innocence. Pet. 14; Mem. in Supp. of Pet. 17-22. Specifically, Petitioner contends that such tests would show that "a third party shot the victim accidentally and that [Petitioner's] actions did not constitute armed robbery." Pet. 14. Respondent responds by arguing that the state

habeas court's decision warrants deference.  Br. in Supp. of Answer-Resp. 12-14.

At Petitioner's state habeas hearing, appellate counsel testified that he only raised the failure to conduct tests at the motion for new trial hearing at Petitioner's insistence. Resp't's Ex. 6(a) at 16:10-20, 29:15-23.  Appellate counsel stated that he then chose not to raise the matter on appeal because this issue would fail to show either trial counsel's unreasonableness or that the outcome of the trial would be different under *Strickland*.  *Id*. The state habeas court found Petitioner's claim to be "moot as the Petitioner was found not-guilty of the malice murder charge."  Resp't's Ex. 2 at 5.  Because Petitioner was found guilty of felony murder with an underlying felony of armed robbery rather than malice murder, the jury was only required to find "that the Petitioner participated in the robbery, not that the Petitioner fired the shot which killed the victim."  *Id*.  Petitioner argues that the state habeas court erred in finding the issue moot because the evidence would show that "a third party shot the victim by accident while [Petitioner] was driving." Mem. in Supp. of Pet. 21.  Petitioner contends that this would negate the intent element for the underlying felony of armed robbery and invalidate his felony murder conviction as a result.  *Id*.  However, Petitioner does not explain how such evidence would undermine the intent element of armed robbery.  The state habeas court reasonably concluded that trial counsel's failure to conduct GSR and fingerprint tests was moot based on applicable state criminal law.  It is recommended that Petitioner's claim be denied.

### iii. Trial Counsel's Failure to Request Jury Charge on Lesser Included Offense

Petitioner contends that appellate counsel was ineffective by failing to raise a claim of trial counsel's ineffectiveness based on trial counsel's failure to request a jury charge on a lesser included offense. Pet. 15; Mem. in Supp. of Pet. 23-28. Specifically, Petitioner argues that trial counsel should have requested a charge of manslaughter because a third person, rather than Petitioner, accidentally shot the victim. Pet. 15. Respondent responds by arguing that the state habeas court's decision warrants deference. Br. in Supp. of Answer-Resp. 14.

The state habeas court found that trial counsel was not ineffective for failing to request a lesser charge of manslaughter because state law does not require such a request where there is no evidence to support the charge. Resp't's Ex. 2 at 5-6 (citing *McNeal v. State*, 289 Ga. 711 (2011)). In reaching this decision, the court considered appellate counsel's testimony that the facts did not warrant a charge of manslaughter. *Id.* at 5; *See* Resp't's Ex. 6(a) at 17:06-15. Appellate counsel also testified that both he and trial counsel believed that Petitioner had a strong case on the charges for which Petitioner was indicted and that it would thus be "strategically unwise" to request a lesser included charge. *Id.* at 17:21-18:04. The state habeas court reasonably concluded from this testimony and the application of state law that appellate counsel was justified in excluding such a claim of trial counsel ineffectiveness. It is recommended that Petitioner's claim be accordingly denied.

iv. *Trial Counsel's Failure to Object*

Petitioner alleges that appellate counsel was ineffective by failing to raise a claim of trial counsel's ineffectiveness based upon trial counsel's failure to object to the prosecution's statements and video during its closing argument. Pet. 15-16; Mem. in Supp. of Pet. 28-35. Specifically, Petitioner contends that the prosecution made statements and played a video of Petitioner's interview solely to "inflame the jury," but that trial counsel failed to object.[5] Pet. 15-16. In response, Respondent argues that the state habeas court's decision to deny relief warrants deference. Br. in Supp. of Answer-Resp. 14-15.

The state habeas court held that "the record does not support a finding of ineffective assistance of counsel based on trial counsel's failure to object, nor [has] Petitioner shown that he suffered prejudice therefrom." Resp't's Ex. 2 at 6. In reaching this finding, the state habeas court considered appellate counsel's testimony that he considered the issue and "thought it was a losing argument" on appeal. Resp't's Ex. 6(a) at 18:08-18. Appellate counsel previously raised the issue at Petitioner's motion for new trial hearing solely because Petitioner "insisted." *Id.* Based on appellate counsel's testimony, the state habeas court could have reasonably concluded that appellate counsel was justified in excluding such a claim of trial counsel's ineffectiveness and instead raising the basis of the matter at Petitioner's motion for new trial hearing. The state

---

[5] On direct appeal, the Supreme Court of Georgia found that the prosecution's inclusion of these statements was proper because Petitioner never objected to the voluntariness of the statements. *Faulkner*, 295 Ga. at 328 ("[Petitioner] neither asserted nor presented evidence that his pre-arrest statements to police were involuntary or otherwise violated his constitutional rights."); *see* Resp't's Ex. 6(a) at 202, 207.

habeas court thus did not make any unreasonable factual determinations or unreasonably apply clearly established federal law under *Strickland*, and it is recommended that this claim for relief be denied.

### v. Cumulative Effect of Trial Counsel Errors

Petitioner argues that appellate counsel was ineffective for failing to raise a claim of trial counsel's ineffectiveness based on cumulative prejudice from the "numerous acts and omissions of trial counsel." Pet. 16-17; Mem. in Supp. of Pet. 36-43. Petitioner restates his previous grounds which allegedly demonstrate trial counsel's ineffectiveness and contends that the total effect of this ineffectiveness suffices to show both prejudice and that the outcome of the proceeding would have been different under *Strickland*. Mem. in Supp. of Pet. 36-43. Respondent responds by arguing that the state habeas court's decision to deny relief warrants deference.

The state habeas court held that Petitioner's argument was meritless because "Petitioner has failed to demonstrate *any* prejudice resulting from appellate counsel's alleged errors." Resp't's Ex. 2 at 6 (emphasis added). If Petitioner's "claims are insufficient individually, they do not become sufficient merely because he raises them cumulatively." *Kelley v. Sec'y, Dep't of Corr.*, No. 8:03-CV-2071T30, 2006 WL 334210, at *16 (M.D. Fla. Feb. 13, 2006); *Hardwick v. Benton*, No. 1:04-CV-3648, 2008 WL 542675, at *10 (N.D. Ga. Feb. 22, 2008) (citing *Castro v. Ward*, 138 F.3d 810, 832 (10th Cir. 2002)). The state habeas court also noted that Petitioner's acquittal on the charges of malice murder and aggravated assault "strongly supports the conclusion that the assistance rendered by trial counsel fell within that broad range of reasonably

effective assistance of counsel." Resp't's Ex. 2 at 6 (citations omitted). Thus, in denying relief on this claim, the state habeas court thus did not unreasonably apply clearly established federal law. It is recommended that this claim for relief be denied.

### vi. *Cumulative Effect of Appellate Counsel Errors*

Finally, Petitioner claims that appellate counsel was ineffective "consider[ing] appellate counsel['s] cumulative acts and omissions in the handling of the appeal process." Pet. 17; Mem. in Supp. of Pet. 43-47. Petitioner argues that he suffered prejudice as a result and that the outcome of his appeal would have been different if not for ineffective assistance of appellate counsel. Mem. in Supp. of Pet. 44-45. In response, Respondent argues that the state habeas court's decision to deny relief on this claim warrants deference. Br. in Supp. of Answer-Resp. 15-16.

The state habeas court found that Petitioner's claim "basically restated the five allegations addressed above which the Court found did not [meet] the burden required under *Strickland*." Resp't's Ex. 2 at 6. Because Petitioner has failed to show that appellate counsel's assistance was ineffective for any particular act, Petitioner cannot show ineffectiveness by viewing those acts cumulatively. *Kelley*, No. 8:03-CV-2071T30, 2006 WL 334210, at *16. Thus, in denying relief on this claim, the state habeas court thus did not unreasonably apply *Strickland*, and it recommended that relief be denied.

## II. Certificate of Appealability

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may

be issued only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a court denies a habeas petition on the merits, this standard requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner cannot meet this standard and, therefore, a certificate of appealability in this case should be denied.

## CONCLUSION

For the foregoing reasons, it is recommended that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) and a certificate of appealability be denied. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of

justice."

SO RECOMMENDED this 1st day of August, 2017.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE